BRADFORD v. ROBISON, Land Com'r.

(Supreme Court of Texas. Dec. 20, 1911.)

PUBLIC LANDS (§ 178*)—SCHOOL LANDS—
PURCHASE FROM OWNER—LANDS PURCHAS-
ABLE.

Acts 30th Leg. (1st Ex. Sess.) c. 20, §
6d, provides that a purchaser of school lands
on condition of settlement under the act, who
may have the right to sell his land or any part
thereof, may sell his own home tract or one or
more of his additional tracts as a whole, accord-
ing to his purchase, to another purchaser who
owns a designated home tract within five miles
of each of such tracts, as he may purchase
as assignee, and the assignee may take each of
the tracts as additional to his own designated
home tract, provided the total tracts so pur-
chased by an assignee prior to the completion
of the vendor's residence, together with his
former purchase, does not exceed one comple-
ment of sections. *Held,* that it was not neces-
sary that the land purchased be wholly within
a radius of five miles of the home tract; it
being sufficient that the land to be purchased
be not more than five miles from the home sec-
tion at the nearest point of the home section
to that sought to be purchased.

[Ed. Note.—For other cases, see Public
Lands, Dec. Dig. § 178.*]

Application for mandamus by J. S. Brad-
ford against J. T. Robison, Land Commis-
sioner. Application granted.

Boggess & Davidson, for relator. Jewel
P. Lightfoot, Atty. Gen., and John L. Ter-
rell, Asst. Atty. Gen., for respondent.

RAMSEY, J. This is an original proceed-
ing filed in this court, and by its permis-
sion, in which the relator seeks a manda-
mus compelling and requiring the respond-
ent to accept and file the deed of convey-
ance. hereinafter referred to as well as
relator's substitute obligation, and to substi-
tute him as the purchaser of the land in-
volved in the controversy and as the exclu-
sive owner thereof. The grounds of the
action are thus stated in the petition, and
are substantially undenied: "That hereto-
fore, to wit, on the 20th day of August, A.
D. 1908, the said respondent, J. T. Robison,
acting in his official capacity as Commis-
sioner of the General Land Office, awarded
to one H. A. Hamilton, of the county of Val
Verde, and state of Texas, the following de-
scribed tract of school land as additional to
private lands already owned by the said
Hamilton, to wit: Section No. 766, certifi-
cate No. 2318, G., C. & S. F. Ry. Co., gran-
tee, situated in the county of Val Verde,
and state of Texas, and containing six hun-
dred and forty (640) acres. That said land
so awarded to the said Hamilton was sit-
uated within a radius of five miles of the
said Hamilton's private lands, upon which
the said Hamilton resided. That the said
Hamilton resided on the said land as requir-
ed by law, and used the same in connec-
tion with his home tract and other sections
of school land purchased by him from the
state from the time of the said purchase
and date of award until on or about April

12, 1910, and long after the lapse of one
year from the date of his said award. That
on or about the date last above mentioned
the said H. A. Hamilton filed with the said
respondent his proof of occupancy to that
date, and about the same time transferred
for a valuable consideration and by deed
duly executed and recorded in the deed rec-
ords of Val Verde county, Tex., and filed
with said respondent, the above-described
tract and section of land to this relator as
additional land to relator's home section
theretofore purchased. That at the time of
the said transfer to this relator said relat-
or was residing on and claiming as his
home section 14, certificate No. 894, Jacob
Hahn, grantee, containing six hundred and
forty (640) acres of land and located part-
ly in Kinney and partly in Edwards coun-
ty, Tex. That with said deed from said
Hamilton to this relator said relator trans-
mitted to the respondent his substitute obli-
gations, by which this relator assumed and
promised to pay to the state of Texas all
moneys due by the said Hamilton to the
state for said sections so transferred, to-
gether with all interest due and to become
due thereon. That the counties of Kinney,
Edwards, and Val Verde were all eight-sec-
tion counties, by which is meant that any
citizen may purchase with the condition of
occupancy required by law eight full sec-
tions of the public free school lands of the
state, and that this relator had not there-
tofore purchased from the state or by trans-
fer from the other purchasers from the state
his full complement of eight sections of the
public free school lands subject to sale un-
der the conditions imposed by law. That
the home section of this relator, hereinbe-
fore described, is within five miles of the
section purchased by this relator from the
said Hamilton. That relator is over the
age of 21 years, has purchased his said des-
ignated home and other sections of the pub-
lic school lands, and is in no way disquali-
fied from holding, owning, and living out
said sections so purchased as required by
the law for the purchase of such public do-
main. That, despite all the facts herein re-
lated, the Commissioner of the General Land
Office, without authority of law, and in to-
tal disregard of the rights of this relator
in the premises, did on and about the 23d
day of July, A. D. 1910, refuse, and still re-
fuses, to file said deed from the said H. A.
Hamilton to this relator, accept said substi-
tute obligations, and substitute this relator
on the books of his office as the owner of
said section 766, so purchased as aforesaid,
giving as his reason, and only reason there-
for, that the said section was not wholly
within a radius of five miles of this relator's
designated home section. This relator con-
cedes as a matter of fact that all of his des-
ignated home tract is not wholly within a

radius of five miles of the said tract purchased from the said Hamilton, but this relator contends that the said two sections are within the five miles required by law for the transfer and substitution of such lands."

Besides a general demurrer the respondent filed an answer to this effect: "That the allegations contained in relator's petition are substantially true, but that the home tract of relator, to wit, No. 14, is not wholly within five miles of section No. 766, of which latter section he seeks to become a substitute purchaser; that a five-mile radius from the nearest corner of said home section No. 14 will cut off but a small corner of said section No. 766, as shown by a plat hereto attached and made a part of this answer. Wherefore, respondent says that relator's said home section No. 14 is not within five miles of said section No. 766 as required by section 6 of chapter 103 of the Acts of the Regular Session of the Twenty-Ninth Legislature (1905), and of section 6d of chapter 20 of the Acts of the First Called Session of the Thirtieth Legislature (1907)."

The location of the land owned by relator and the land (section 766) purchased by him from Hamilton, and with reference to which the mandamus is sought, will more distinctly appear from the following plat:

[1] Section 6d of the Acts of the 30th Legislature of 1907 (see p. 494) and its proper interpretation controls and must decide the case. This section is as follows: "Sec. 6d. One who hereafter buys land on condition of settlement shall not sell any part of such purchase prior to one year after date of award of the home tract, nor prior to one year after date of the award of the first additional tract purchased to a formerly acquired home unless the required residence has sooner been completed. After the lapse of time aforesaid the purchaser may sell all of his land or any part thereof in whole tracts, according to his purchase, to another qualified purchaser, who will become an actual bona fide settler on some part thereof at date of his transfer if the residence is not complete, and such assignee shall complete the residence on the land by continuous residence thereon as required of his vendor, and if the vendor does not sell all of his purchase he shall continue to reside upon his home tract or on some part of that retained until the completion of the residence required of him. A purchaser on condition of settlement under this act, or any former law, who may have the right to sell his land or a part of it, may sell his whole home tract or one or more of his additional tracts as a whole, according to his purchase to another purchaser who owns a designated home tract within five miles of each of such tracts as he may purchase as assignee, and the assignee may take each of the tracts as additional to his own designated home tract; provided the total tracts so purchased by an assignee prior to the completion of the residence of the vendor, together with the former purchase of the assignee, shall not exceed one complement of sections. In such cases the assignee shall continue to reside in person upon either his formerly designated home tract, or on one of his formerly acquired additional tracts, or on one of his additional tracts purchased as assignee, continuously until the completion of the residence required of him under his former purchase and that of his vendor. No tract hereafter purchased shall be transferred except as a whole prior to the issuance of patent thereon, but should a transfer of less than a whole tract be made after the purchaser has the right to sell in whole tracts under the provisions of this act, such transfer shall not be void, but the owner shall not be substituted as assignee on the records of the Land Office nor recognized on the accounts kept by the State Treasurer. The failure to pay the interest on the whole of such tract shall operate as a forfeiture of every part thereof."

It is admitted that the home tract is reached within less than five miles of the tract sought to be purchased, and it is also conceded that beginning at the point of the home section nearest the section sought to be bought that it is less than five miles to section 766, but that a circumference described from the nearest point of the home section with a radius of five miles will include but a small portion of the land sought to be acquired. What, then, is the meaning of the statute? Does it mean that the land to be purchased must be wholly within a radius of five miles, or that the land to be purchased must not be more than five miles from the home section? We think a fair construction of the statute must lead to the conclusion that, with a view of protecting the state from purchases by speculators and thus retarding the growth and development of the state, it was intended to make certain that such purchases were on account of, and to be used by, actual settlers owning property in the vicinity, and, having in mind this purpose, we ought not to adopt a strained or technical construction of the statute as to an adjacent landowner. The land purchased is within (or distant from) five miles from the home section, and relator, having adopted all the precedent steps, is entitled to acquire same.

Let the mandamus issue as prayed for, with costs.